### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| **DANIELLE M. THURSTON,** ) | |
| ) | |
| Plaintiff, ) | 2:06-cv-02796 JWS |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | [Re: Dockets 16 and 25] |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### I.  MOTIONS PRESENTED

Plaintiff Danielle M. Thurston filed a motion for summary judgment at docket 16. At docket 25, the Commissioner filed an opposition to plaintiff's motion and made a motion to remand for further proceedings. Plaintiff responded at docket 29; no reply was filed. Oral argument was not requested and would not assist the court.

### II.  BACKGROUND

Thurston is a 42-year-old woman with two years of college education.[1]  She filed for Disability Insurance benefits in June 2003, alleging an onset date of May 25, 2001.[2]

---

[1] Administrative Record ("A.R." ) at 15, 49.

[2] A.R. at 49.

Thurston amended the onset date to August 14, 2002.[3]  Thurston was insured for benefits through December 31, 2002.[4]  A hearing was held before Administrative Law Judge ("ALJ") Ronald S. Robins on July 26, 2005.[5]  He issued an opinion on October 20, 2005, finding that Thurston met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act, and that she was insured for benefits through December 31, 2002.[6]  Thurston's request for review by the Appeals Council was denied.[7]

Thurston alleged that she is disabled due to muscle disease, polymyositis, low back and pelvic injury, torn heel spurs, chronic migraines, feet and hand numbness, fatigue, insomnia, anxiety, and stress.[8]  According to the ALJ opinion, Thurston alleged migraines, fibromyalgia, fatigue, low back pain, and vomiting.[9]  Thurston has past relevant work as a bank supervisor, bank teller, courier, delivery assistant, and cashier.[10]

---

[3] A.R. at 14.

[4] A.R. at 15.

[5] A.R. at 218.

[6] A.R. at 14, 17.

[7] A.R. at 5.

[8] A.R. at 57, 63.

[9] A.R. at 15.  Plaintiff alleges on remand that the ALJ improperly considered her migraine headache allegations, but does not contest the lack of consideration of fibromyalgia in the ALJ's analysis.

[10] A.R. at 15.

### III.  STANDARD OF REVIEW

An applicant is entitled to disability benefits when she applies, has enough Social Security earnings to be insured for disability, has a disability, and has been disabled for five full consecutive months, beginning in a month in which a person was both insured for disability and disabled (disability "onset" date).[11]

For purposes of the Social Security Act, a "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."[12]  A person is not disabled if he or she is capable of engaging "in any . . . kind of substantial gainful work which exists in the national economy."[13]

"Disability claims are evaluated using a five-step sequential analysis."[14]  At step one, the ALJ determines whether the claimant is currently working and the work is substantial gainful activity.  If so, the claimant is not disabled.[15]  At step two, the ALJ assesses whether the claimant has a medically severe impairment or combination of impairments; that is, whether the impairment or combination of impairments significantly limits basic work activities.  If not, the claimant is not disabled.[16]  At step three, the ALJ

---

[11] 20 C.F.R. § 404.315(a).

[12] 42 U.S.C. § 423(d)(1)(A).

[13] 42 U.S.C. § 423(d)(2).

[14] *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

[15] 20 C.F.R. § 404.1520(b).

[16] 20 C.F.R. § 404.1520©.

considers whether the claimant's impairment or combination of impairments meets or equals an impairment listed in an appendix to the regulations.[17] If so, the claimant is considered disabled regardless of age, education, or work experience.[18] At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and whether the claimant is capable of performing work he or she has performed in the past fifteen years. If so, the claimant is not disabled.[19] At step five, the ALJ determines whether the claimant is capable of performing any other work in the national economy. If so, the claimant is not disabled.[20] "The claimant carries the initial burden of proving a disability in steps one through four of the analysis."[21] If the claimant establishes the inability to perform past relevant work, the burden shifts to the ALJ to "identify other jobs that the claimant is capable of performing."[22]

Upon a denial of disability benefits, a claimant may request the SSA Appeals Council to review the ALJ's decision.[23] Where, as here, the Appeals Council denies a request for review, the decision of the ALJ represents the final decision of the Commissioner.[24] The claimant may then seek judicial review of the ALJ's decision by

---

[17] 20 C.F.R. pt. 404, subpt. P, App. 1.

[18] 20 C.F.R. § 404 .1520(d).

[19] 20 C.F.R. § 404 .1520(e).

[20] 20 C.F.R. § 404 .1520(f).

[21] *Burch*, 400 F.3d at 679.

[22] 42 U.S.C. § 405(g).

[23] 20 C.F.R. § 404.967.

[24] *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. § 404.981).

the district court.[25] On *de novo* review, the district court may enter, upon the pleadings and a transcript of the record, a judgment affirming, modifying, or reversing the ALJ's decision, with or without remanding the case for a rehearing.[26] The ALJ's decision must be upheld if it is supported by substantial evidence and the ALJ applied the correct legal standards.[27] "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[28] When evidence supports either confirming or reversing the ALJ's decision, the reviewing court may not substitute its judgment for that of the ALJ.[29]

## IV.  ADMINISTRATIVE LAW JUDGE'S DECISION

The ALJ's decision addressed whether Thurston was entitled to a period of disability and Disability Insurance Benefits under Sections 216(I) and 223 of the Social Security Act.[30] On application by Thurston, the ALJ changed the disability onset date to August 14, 2002.[31] The ALJ found that Thurston met the nondisability requirement and

---

[25] 42 U.S.C. § 405(g).

[26] *Id.*

[27] *Howard v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 1997)).

[28] *Id.* (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

[29] *Batson*, 359 F.3d at 1196.

[30] A.R. at 14.

[31] A.R. at 14.

was insured for disability benefits through December 31, 2002.[32]  The ALJ found that Thurston had not engaged in substantial gainful activity since her alleged onset date.

The ALJ stated that Thurston alleged the impairments of migraine headaches, fibromyalgia, fatigue, low back pain, and vomiting.[33]  The ALJ discussed Thurston's credibility and found her testimony "less than fully credible in conjunction with the objective medical evidence of record."[34]  He found that the objective record showed that Thurston's impairments resulted in pain and fatigue, but did not "support the degree of such symptoms and limitations as alleged by the claimant, which suggests an exaggeration of subjective complaints."[35]  While the ALJ considered the "[c]urrent progress assessments from Drs. Sayal and Patel" he said they were not "applicable to the period at issue in this case, [which ended December 31, 2002.]"[36]  The ALJ gave the opinions of the State agency's reviewing physicians "greater weight" because they were "consistent with the greater objective record."[37]

---

[32] A.R. at 15.

[33] A.R. at 15.

[34] A.R. at 16.

[35] A.R. at 16.

[36] A.R. at 17.

[37] A.R. at 17.

The ALJ found that Thurston had the severe impairments of arthralgias[38] and myalgias,[39] pain, fatigue, and bilateral plantar fasciitis.[40]  He found that the impairments did not alone or together meet or medically equal one of the listed impairments of Appendix 1, Subpart P, Regulations No. 4.[41]  The ALJ found insufficient evidence of any mental impairments prior to December 31, 2002.[42]  The ALJ assessed Thurston's residual functional capacity as "light with postural and environmental limitations."[43]

The ALJ summarized the testimonial evidence regarding Thurston's migraines, stating that Thurston's pain is alleged to be an 8-9 when she has a migraine, that her headaches sometimes cause vomiting, and that lying down helps her pain and headaches.[44]  He did not address the vocational expert's testimony[45] that if Thurston had migraines such as she described, Thurston would be unable to do any of her past relevant work.

Citing vocational expert testimony, the ALJ found that Thurston could perform her past relevant work as a bank supervisor, bank teller, and cashier, and that even if

---

[38]Joint pain.

[39]Muscle pain.

[40]A.R. at 15.

[41]A.R. at 15.

[42]A.R. at 15.

[43]A.R. at 18.

[44]A.R. at 16.

[45]A.R. 240.

Thurston required a sit/stand option, she would still be able to perform her past relevant work as a cashier.[46] The ALJ concluded that Thurston was not disabled.

## V.  ISSUES PRESENTED

Thurston alleges that at step two of the five-step sequential process, the ALJ should have found that Thurston suffered from migraines as an additional severe impairment.[47] Thurston does not allege that fibromyalgia should have been listed as a severe impairment. It appears to the court that the ALJ did find pain from migraines and myalgias, but simply did not credit Thurston's testimony as to their severity.

Thurston also alleges that the ALJ improperly failed to credit her pain and fatigue testimony, that the ALJ failed to set forth any reason for rejecting treating physician opinion evidence, and that the ALJ's vocational conclusion is not supported by the record.

## VI. DISCUSSION

### A.  Treating Physician Opinions

Thurston claims that the ALJ failed to set forth any reason for rejecting treating physician opinion evidence. The Commissioner does not address this allegation in his briefing. A treating physician's opinion is "entitled to special weight."[48] "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and

---

[46]A.R. at 17.

[47]Doc. 18 at 3.

[48]*Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).

convincing reasons that are supported by substantial evidence."[49] If a treating doctor's opinion is contradicted by another doctor's opinion, then an ALJ may reject the treating doctor's opinion only by "providing specific and legitimate reasons that are supported by substantial evidence."[50] An ALJ is not bound by the uncontroverted opinions of a claimant's physician on the ultimate issue of disability. However, such an opinion, "may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record."[51]

The ALJ rejected the opinions of two treating physicians.[52] The ALJ did not indicate that those opinions were controverted, and he did not state clear and convincing reasons for rejecting them. Even if they were controverted, the ALJ would have been required to give specific and legitimate reasons based on the record for rejecting their assessments.[53] He did not. All the ALJ said was that the opinions did not apply to the period of time prior to December 31, 2002. The Ninth Circuit has explained that the question in such a situation is whether a later opinion "is probative of [claimant's] condition" at the time of disability insured status.[54] In *Marci v. Chater*, the

---

[49] *Bayliss v. Barhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

[50] *Id.*

[51] *Reddik v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

[52] The text of the ALJ's decison refers to Dr. Sayal and Dr. Patel, but references exhibits prepared by Dr. Sayal and Dr. Bhalla. A.R. 17. The reference to Dr. Patel appears to be a typographical error in the text of the ALJ's decision.

[53] *Reddick* at 157 F.3d 725.

[54] *Macri v. Chater*, 93 F.3d 540, 547 (9th Cir. 1996).

Ninth Circuit found that a later doctor's opinion was probative of a claimant's condition at the time of disability insured status because in that case, as here, there was evidence that the claimant's condition had not significantly changed since the date last insured.[55] The ALJ did not provide an explicit explanation supporting his implicit assumption that Thurston's condition had changed. Thus, his reason for rejecting the treating doctors' opinions is insufficiently specific to show a legitimate basis for rejection of the opinions.

**B.  Plaintiff's Credibility**

The ALJ found "the objective medical evidence" indicated that Thurston had arthralgias and myaligias, pain, fatigue, and bilateral plantar fasciitis . . . ."[56] He indicated that these were severe impairments.[57] In his credibility analysis, the ALJ noted that "the objective record shows the claimant's impairments result in pain and fatigue."[58] Nevertheless, the ALJ found that Thurston's testimony about her condition was "less than fully credible in conjunction with the objective medical evidence of record."[59] This assertion is inconsistent with the ALJ's own findings that Thurston had severe impairments that could reasonably result, and did result, in pain. "Once a claimant submits objective medical evidence establishing an impairment that could reasonably be expected to cause *some* pain, it is improper as a matter of law for an ALJ to discredit excess pain testimony solely on the ground that it is not fully corroborated by

---

[55]*Id.*

[56]A.R. at 15.

[57]*Id.*

[58]A.R. at 16.

[59]*Id.*

objective medical findings."[60]  Instead, an ALJ must make specific findings justifying a disbelief of an excess pain claim.[61]  "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."[62] "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and 'unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment.'"[63]  The ALJ did not engage in the requisite analysis; he did not discuss the factors above, nor did he point to any specific reason for discrediting Thurston's testimony.

Having identified no evidence that Thurston is a malingerer, the ALJ's reasons for rejecting her testimony must be "clear and convincing."[64]  The ALJ's reasons are neither.  His statement that the record does not support her allegations is not adequate. "The fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it."[65]  In order to "discredit a claimant's testimony when a medical impairment has been established,

---

[60]*Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989) (internal quotations omitted).

[61]*Id.*

[62]*Smolen v. Chater*,  80 F.3d 1273, 1284 (9th Cir. 1996).

[63]*Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (quoting from *Fair v. Bowen* at 885 F.2d 603).

[64]*Smolen* at 80 F.3d 1283-4.

[65]*Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).

the ALJ must provide "specific, cogent reasons for the disbelief."[66] The court finds that the ALJ's decision to discredit Thurston's testimony was not adequately explained.

## C. Remand

Plaintiff argues that this court should credit the plaintiff's testimony as true, and remand for benefits, pursuant to *Varney v. Secretary of Health and Human Services*.[67] The Commissioner makes no specific arguments regarding credibility in his motion to remand. Instead, the Commissioner generally argues that because the ALJ "made no determination regarding Plaintiff's allegations of migraine headaches and did not discuss what weight he had given, if any, to the medical evidence documenting Plaintiff's assertions," this court should reverse for further proceedings so that the ALJ may correct "inconsistencies" in his decision.[68]

The Ninth Circuit explained in *Benecke v. Barnhart*[69] that a district court should "credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."[70]

---

[66] *Orn,* 495 F.3d at 635 (citation to internal quotation omitted).

[67] 859 F.2d 1396 (9th Cir. 1988).

[68] Doc. 25-2 at 2-3.

[69] 379 F. 3d 587 (9th Cir. 2004).

[70] *Id.*, at 593.

Here, the elements of the *Benecke* guidelines are met. The ALJ failed to provide legally sufficient reasons for not using the opinions offered by the treating physicians. The ALJ failed to credit Thurston's testimony about the severity of her migraines. He should have done so. The vocational expert's opinion was that if Thurstons's testimony about the her migraines was taken as true, she could not do her past relevant work,[71] nor would there be jobs in the economy for Thurston.[72] There are no outstanding issues that must be resolved before a determination of disability can be made. A remand for benefits is especially indicated "where a claimant has already experienced lengthy, burdensome litigation."[73] Thurston first filed for benefits almost five years ago.

## VII.  CONCLUSION

For the reasons above, the motion at docket 16 is **GRANTED**, and the motion at docket 25 is **DENIED**. This matter is hereby **REMANDED** to the Commissioner for an award of benefits.

DATED this 5th day of March 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[71] A.R. at 240

[72] A.R. at 239.

[73] *Vertigan* at 260 F.3d 1053.